This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Anthony Smith, appeals from the judgment of the Lorain County Court of Common Pleas, which overruled his motion to vacate. We affirm.
 I.
{¶ 2} On February 23, 2000, Appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1) and/or (A)(3), with a gun specification, under case number 00CR055322. On April 5, 2000, Appellant was indicted on one count of trafficking in cocaine, in violation of R.C. 2925.03(A), under case number 00CR055560. On August 1, 2000, a superceding indictment was filed in case number 00CR055560, charging Appellant with an additional count of trafficking in cocaine, with a major drug offender specification. Appellant ultimately entered a plea of guilty to the counts of the indictments in both cases, and a presentence evaluation and report was ordered.
{¶ 3} On January 11, 2001, Appellant was sentenced. In case number 00CR055560, Appellant was sentenced to a prison term of ten years on the first count of trafficking in cocaine, and twelve years on the second count. The twelve-year term consisted of a ten-year mandatory term and an additional two years on the major drug offender specification. In case number 00CR055322, Appellant was sentenced to a term of imprisonment of three years, with an additional three years on the gun specification, for a total term of imprisonment of six years. The court ordered all of the sentences to run concurrent with each other.
{¶ 4} On August 6, 2001, Appellant filed a petition for post-conviction relief to vacate or set aside his sentence, pursuant to R.C. 2953.21. Appellant alleged that he was denied effective assistance of counsel. Appellant also claimed that he was denied due process of law because he was sentenced on a major drug offender specification, and the indictment contained no such specification. Appellant also filed a motion for findings of fact and conclusions of law. The court denied the petition on August 31, 2001, and journalized its findings of fact and conclusions of law on November 8, 2001.[1]
{¶ 5} On December 26, 2001, Appellant filed a motion to vacate, requesting the court to "vacate and set aside the findings and fact and conclusions of law which were entered November 8, 2001." As cause, Appellant stated that neither counsel for Appellant, nor Appellant himself was served with the court's findings of fact and conclusions of law; Appellant asserted that they had been served on his prior counsel instead. Appellant therefore moved the court that "they be vacated and set aside and reentered so that defendant may appeal the decision." A hearing was ultimately held on the matter on August 5, 2002. The court overruled the appellant's motion to vacate on August 14, 2002. This appeal followed.
 II. Assignment of Error No. I. "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT IN OVERRULING THE PETITION TO VACATE DID NOT ADDRESS ANY OF THE ISSUES PRESENTED BY DEFENDANT."
 Assignment of Error No. II. "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS PLEA WAS NOT VACATED AS IT WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED."
 Assignment of Error No. III. "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT ALLOWED TO WITHDRAW HIS PLEA[.]"
{¶ 6} In his three assignments of error, Appellant challenges the decision of the common pleas court denying his petition for post-conviction relief to vacate or set aside his sentence, pursuant to R.C. 2953.21. He asserts that the court failed to address any of his grounds for relief. He also asserts that his plea was not knowingly, intelligently, and voluntarily entered, and that therefore, it should be vacated.
{¶ 7} Each of Appellant's assignments of error addresses the court's ruling denying his motion for post-conviction relief. That order was entered on August 31, 2001, and the court issued its findings of fact and conclusions of law on November 8, 2001. The time to appeal these rulings has long passed. The order from which Appellant appealed, entered on August 14, 2002, was a ruling on Appellant's motion to vacate the findings of fact and conclusions of law. At that time, the motion to vacate the findings of fact was the only motion before the court. Appellant has advanced no arguments as to any errors in the denial of his motion to vacate the findings of fact. As Appellant has not raised any error pertaining to the order actually appealed from, that is, the denial of his motion to vacate the findings of fact and conclusions of law, we decline to address any of his arguments.
 III.
{¶ 8} The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, J. and WHITMORE, J. CONCUR.
[1] The Court had originally denied the motion on August 14, 2001; however, the court subsequently vacated that order when it determined that the order had been incorrectly docketed to a judge who had not been assigned the case.